# NOT DESIGNATED FOR PUBLICATION

Rodney Marchive Rabalais
Rabalais & Roy
P. O. Box 447
Marksville LA 71351

### REHEARING ACTION: March 19, 2014

**Docket Number: 13 01237-CA**

**JAMES NORMAN THOMPSON**
**VERSUS**
**CHRYSTAL LANDRY THOMPSON**

**Appealed from Rapides Parish Case No. 223,238**

**BEFORE JUDGES:**

    **Hon. John D. Saunders**
    **Hon. Billy Howard Ezell**
    **Hon. Phyllis M. Keaty**

As counsel of record in the captioned case, you are hereby notified that the application

for rehearing filed by **James Norman Thompson** has this day been

    **GRANTED.** (See attached opinion)

cc: Koby D. Boyett, Counsel for the Appellant

NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

CA 13-1237

JAMES NORMAN THOMPSON

VERSUS

CHRYSTAL LANDRY THOMPSON

**********

APPEAL FROM THE
NINTH JUDICIAL DISTRICT COURT
PARISH OF RAPIDES, NO. 223,238
HONORABLE GEORGE CLARENCE METOYER, JR., DISTRICT JUDGE

**********

ON REHEARING

**********

JOHN D. SAUNDERS

JUDGE

**********

Court composed of John D. Saunders, Billy H. Ezell, and Phyllis M. Keaty, Judges.

**ORIGINAL OPINION RECALLED AND VACATED. ON REHEARING, MOTION TO DISMISS APPEAL GRANTED, REQUEST FOR ATTORNEY FEES DENIED, REMANDED FOR FURTHER ACTION CONSISTENT WITH THIS OPINION.**

**Rodney Marchive Rabalais**
**Rabalais & Roy**
**Post Office Box 447**
**Marksville, LA 71351**
**(318) 253-4622**
**COUNSEL FOR PLAINTIFF/APPELLEE:**
    **James Norman Thompson**

**Koby D. Boyett**
**Attorney at Law**
**Post Office Box 12746**
**Alexandria, LA 71315**
**(318) 481-2242**
**COUNSEL FOR DEFENDANT/APPELLANT:**
    **Chrystal Landry Thompson**

**SAUNDERS, Judge.**

We granted a rehearing in this case to consider our original ruling in this dispute over attorney fees. In his application for rehearing, James Norman Thompson suggests to this court that the trial court erred by granting an order of appeal because it intended to address the issue of attorney fees at a later date, and, in fact, held a hearing on the fees after it granted the order of appeal. On reconsideration, under the authority of La.Code Civ.P. art. 2164, we vacate the trial court's order of appeal as inadvertently granted and remand the matter for the completion of the proceedings below and for the issuance of a new order of appeal.

It is clear from the record that the trial court held a hearing on the motion for attorney fees and took the matter under advisement. This, in turn, indicates that the trial court did not intend to deny the attorney fees outright. This court also notes that there was a hearing on the motion to annul the order of appeal that was submitted as part of a writ application filed in this case. Based on the transcript of the hearing on the motion to annul the order of appeal, the trial court appears to believe that it still has jurisdiction over fees because it did not rule on that issue. Thus, there is a clear indication in the record that the trial court intended to address the issue of attorney fees, and, in fact, held a hearing on that issue.

Based on these considerations, this court, on equitable grounds, sets aside the order of appeal as inadvertently granted and remands the matter for the completion of the proceedings below and the issuance of a new order of appeal.

**ORIGINAL OPINION RECALLED AND VACATED. ON REHEARING, MOTION TO DISMISS APPEAL GRANTED, REQUEST FOR ATTORNEY FEES DENIED, REMANDED FOR FURTHER ACTION CONSISTENT WITH THIS OPINION.**

THIS OPINION IS NOT DESIGNATED FOR PUBLICATION.
Rule 2-16.3 Uniform Rules, Court of Appeal.